```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

TWIN CITY FIRE INSURANCE
COMPANY, a subsidiary of
HARTFORD INSURANCE COMPANY,
aso Get Well Network, Inc.
and Jeffrey P. Gareau,

    Plaintiff

v.                                         Case No.: 8:15-cv-1694-T-33AEP

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on the government's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), filed on August 21, 2015. Subsequently, the then presiding judge transferred the case to the undersigned upon the latter's consent. (Doc. # 15). Upon review of the file, it became apparent that a response had not been filed despite a total of fifty-two days having elapsed from the filing of the Motion to Dismiss. Therefore, this Court entered an Order on October 13, 2015, directing that the Complaint would be dismissed if no response was filed by October 15, 2015. (Doc. # 17). Plaintiff Twin City Fire Insurance Company filed its response

1

on October 15, 2015. (Doc. # 18). The Motion to Dismiss is ripe for review.

I.  **Background**

Twin City filed the instant action on July 20, 2015, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq. (FTCA). (Doc. # 1). Twin City, a subsidiary of Hartford Insurance Company, brought this action as the subrogee of Get Well Network, Inc. and Jeffry P. Gareau. (Id. at 1). Gareau was an employee of Get Well Network, which was a contractor for the Department of Veterans Affairs (VA), working at a VA facility located at 1300 Bruce B. Downs Blvd., Tampa, FL. (Id. at ¶¶ 6-7). The VA facility allegedly had a "glass or plexiglass lighting fixture cover inset into the sidewalk," which had no raised etching or skid resistance. (Id. at ¶ 8). Gareau allegedly walked across the glass/plexiglass cover, which had become wet from rain, slipped, fell, and sustained an injury. (Id.).

The Complaint further alleges that Get Well Network possessed a workers' compensation policy issued by Twin City. (Id. at ¶ 9). Gareau filed a workers' compensation claim with Hartford and Twin City paid the workers' compensation benefits to Gareau on behalf of Get Well Network. (Id. at ¶¶ 10-11). Twin City thereafter provided pre-suit notice to

Gareau pursuant to Section 440.39(4)(a), Florida Statutes, and brought this subrogation action. (Id. at ¶¶ 11-12).

However, before filing the instant action, Twin City brought suit against the government on March 2, 2015. (Doc. # 9 at 1). That previously filed action is Case No. 8:15-cv-441-T-33AEP (Twin City I). (Id.). Attached to the Twin City I complaint is a copy of a SF-95 submitted to the VA, which states the claimant as "The Hartford Insurance Company as subrogee of Jeffrey P. Gareau" (the Hartford SF-95). (Doc. # 18 at 2). The Hartford SF-95 was received by the VA on August 13, 2014, and denied on November 17, 2014. Complaint at 12, 18, Twin City Fire Ins. Co. v. United States, (Case No. 8:15-cv-441-T-33AEP) (M.D. Fla. 2015).

Thereafter, on May 8, 2015, Twin City filed a second SF-95 that listed the claimant as "Twin City Fire Insurance Company, a subsidiary of The Hartford Insurance Company as subrogee of Jeffrey P. Gareau" (the Twin-City SF-95). (Doc. ## 1 at 8, 11; 18 at 2). The VA denied the Twin-City SF-95 on May 11, 2015, because Twin City had already brought suit against the government in Twin City I. (Doc. # 1 at 11). Twin City then filed the instant action on July 20, 2015. (Id.).

**II. Discussion**

3

"The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts . . . ." Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (internal quotation marks and citation omitted). This waiver of sovereign immunity "must be scrupulously observed, and not expanded, by the courts." Id.

Before bringing an action in district court under the FTCA, a claimant must exhaust her or his administrative remedies by filing a claim with the appropriate federal agency. 28 U.S.C. §§ 2675(a); McNeil v. United States, 508 U.S. 106, 112 (1993) (stating "The most natural reading of [Section 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process"); Torjagbo v. United States, 285 Fed. Appx. 615, 617 (11th Cir. 2008); Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002) (noting the notice requirement of Section 2675 "is jurisdictional and cannot be waived"); Burchfield v. United States, 168 F.3d 1252, 1254 (11th Cir. 1999) (stating "A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements").

4

A claimant often satisfies the requirements of Section 2675(a) by filing a SF-95. Boccio v. United States, No. 8:09-cv-475-T-24EAJ, 2009 WL 1767614, at *2 (M.D. Fla. June 22, 2009) (citing 28 C.F.R. § 14.2). A plaintiff may bring suit in district court against the appropriate agency once the claim has been denied or 6 months after the claim was filed. Free v. United States, 885 F.2d 840, 842 (11th Cir. 1989). After suit is filed, a claimant loses the ability to amend the SF-95. 28 U.S.C. 2675; 28 C.F.R. § 14.2(c).

Furthermore, "The FTCA requires that each claim and each claimant meet the prerequisites for maintaining a suit against the government." Turner, 514 F.3d at 1200 (quoting Dalrymple v. United States, 460 F.3d 1318, 1325 (11th Cir. 2006) (emphasis original). The Court finds the analysis in Turner instructive in the instant matter.

In Turner, a minor child filed a SF-95 with the Navy for injuries suffered while admitted at a Navy hospital. Id. at 1197-98. The SF-95 listed the claimant as "Tracey T. Turner, by and through his mother and next friend, Tracy R. Turner." Id. The basis of the claim was stated as

> 1) Tracey T. Turner suffered severe and permanent injury to his eye sight and to his ability for gross motor movement as well as disfigurement, pain and suffering and other intangible losses. 2) Mr. and Mrs. Turner suffered tangible damages, including

5

> medical expenses past and future, as well as intangible damages consistent with a loss of consortium under Florida law.

Id. The amount of the claim was stated as $6,000,000. Id. at 1198. After sending a letter requesting clarification as to the parents' intent to seek damages, the Navy received an additional SF-95 for each parent. Id.

Six months after the filing of the first SF-95, but less than six months from the filing of the latter two, the Turners filed a three-count complaint; one count for the child's injuries, one count for the mother's injury, and one count for the father's injury. Id. The government moved to dismiss the complaint for lack of subject-matter jurisdiction, which the district court denied. Id. at 1198-99.

On review, the Eleventh Circuit reasoned that to satisfy the requirements of the FTCA, a putative plaintiff must be listed as a claimant on the SF-95 form. Id. at 1201-02. Therefore, the court reversed on the grounds that the district court lacked subject-matter jurisdiction as to the claims brought by the parents because they were not listed as claimants on the SF-95 upon which the action was based. Id. at 1200.

With these principles in mind, the Court turns to Twin City's argument as to why its Complaint should not be

6

dismissed. In spite of its position that the Twin-City SF-95 was filed to clarify which entity was the claimant in Twin City I, see (Doc. # 18 at 2), Twin City argues the Twin-City SF-95 was not an amendment to the Hartford SF-95, but rather a new claim in-and-of-itself (Id. at 3-6). Furthermore, Twin City argues the Court cannot properly address any argument regarding whether the Twin-City SF-95 was an amendment to the Hartford SF-95 because that would "require [a] determination of questions of fact and [is] not properly before this Court in a Motion to Dismiss." (Id. at 5).

The Court finds Twin City's arguments unpersuasive. The FTCA requires a claimant to exhaust her or his administrative remedies before filing suit against the government in district court. §§ 2675(a), 2401(b); Torjagbo, 285 Fed. Appx. at 617. Furthermore, a claimant losses the ability to amend a SF-95 upon the filing of suit in district court. 28 U.S.C. 2675; 28 C.F.R. § 14.2(c). Thus, because of the sequence of events in this case, regardless of whether the Twin-City SF-95 constitutes an amendment to the Hartford SF-95 or an independent claim, this Court lacks subject-matter jurisdiction.

Twin City first filed suit against the government on March 2, 2015. (Doc. # 9 at 1). Approximately two months

7

thereafter Twin City filed the Twin-City SF-95. (Doc. # 1 at 11). Thus, because Twin City filed suit before filing a SF-95 that listed Twin City as a claimant, this Court lacks subject-matter jurisdiction. § 2675(a); Torjagbo, 285 Fed. Appx. at 617.

Furthermore, Twin City cannot in this case rely on the Hartford SF-95. In Turner a SF-95 that mentioned two potential claimants—but which did not list them as claimants—was held not to confer subject-matter jurisdiction as to those potential claimants. 514 F.3d at 1200-01. It therefore follows with stronger reasoning that the Hartford SF-95, which makes no mention whatsoever of Twin City, cannot confer subject-matter jurisdiction on this Court to hear Twin City's claim against the government.

The Court recognizes Twin City's Motion for Leave to Amend Complaint to Include Archer Western and Reserve the Right to Include HDR Architects and Other Entities at a Later Date is also pending. (Doc. # 8). However, this Court determines it lacks subject-matter jurisdiction over the FTCA claim, which is the sole basis for jurisdiction alleged in the Complaint (Doc. # 1 at 1). In other words, the Court determines it lacks subject-matter jurisdiction over the instant action. It would therefore be inappropriate for this

Court to rule on the Motion for Leave to Amend after having determined subject-matter jurisdiction is lacking. Accordingly, the Motion for Leave to Amend is denied as moot. See Mendota Ins. Co. v. Rodriguez, No. 8:13-cv-2162-T-30EAJ, 2013 WL 6498391, at *3 (M.D. Fla. Dec. 11, 2013) (denying pending motions as moot once the court determined it lacked subject-matter jurisdiction). If Twin City believes it has a cause of action against Archer Western Contractors, LLC, and/or Archer Western Construction, LLC, the appropriate course of conduct would be for Twin City, if it so chose and assuming jurisdiction existed, to institute a new, separate action by filing a new complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The government's Motion to Dismiss (Doc. # 9) is **GRANTED.**

(2) Twin City Fire Insurance Company's Motion for Leave to Amend (Doc. # 8) is **DENIED AS MOOT.**

(3) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record